IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONNIE JENE SHY II, #1471439 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-378-SDJ |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Ronnie Jene Shy II filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Dkt. #19). The record shows that, on September 19, 2014, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was denied and the case was dismissed with prejudice. (Dkt. ##17, 18). Over ten years later, in February 2025, Petitioner filed the instant Rule 60(b)(6) motion. (Dkt. #19).

**I.**

As an initial matter, the Court must determine whether Petitioner's motion is a true Rule 60(b) motion or a "second or successive" habeas corpus petition. If the instant motion is a true Rule 60(b) motion, such that it "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings," the Court may rule on its merits. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). However, if it is merely a veiled successive habeas petition, such that it presents a new habeas claim, attacks the federal court's previous

1

resolution of a claim on the merits, or presents new evidence or new law in support of a claim already litigated, the Court lacks subject matter jurisdiction to consider it. *Gonzalez*, 545 U.S. at 531-32; *Ruiz*, 504 F.3d at 526 & n.2.

The Fifth Circuit elaborated on these rules further in *In re Edwards*, 865 F.3d 197 (5th Cir. 2017). The Fifth Circuit observed that Rule 60(b)(6) "is a catchall provision that allows a court to grant relief 'from a final judgment, order, or proceeding' for 'any other reason that justifies relief.'" *Id.* at 203. "To succeed on a Rule 60(b) motion, the petitioner must show: (1) that the motion be made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment." *Id.* (citing *Gonzalez*, 545 U.S. at 535).

The Fifth Circuit has regularly rejected Rule 60(b) motions that attack a federal court's previous resolution of a claim on the merits. *See Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) ("A Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of habeas relief."). A federal court has resolved the claim on the merits when it has determined that there are no "grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *In re Edwards*, 865 F.3d at 204. This is in contrast to an allegation "'that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute of limitations bar.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4). Rule 60(b) motions arguing "that the presence of new facts would have changed this court's original results" is a claim

2

that "sounds in substance, not procedure." *In re Coleman*, 768 F.3d 367, 372 (5th Cir. 2014).

## II.

In his § 2254 petition, Petitioner asserted that the State engaged in prosecutorial misconduct by intimidating Hector "Mike" Aldana, an alibi witness, into not testifying. In support of his alibi witness claim, Petitioner presented affidavits from his brother attesting to what Aldana's potential testimony would have been and why he did not testify at trial. The Court denied the claim on the merits as follows:

> [T]he state court found Petitioner's brother's affidavits to be not credible. *Ex parte Shy*, WR–75,683–01 at 161–62. It found that "Applicant's purported alibi witness, Mike Aldana, informed counsel that he did not remember burglarizing the victim's car with Applicant and may have actually been at work at the time of the murder. Accordingly, his testimony would not have been beneficial." Trial counsel's affidavits supported these findings: "All we could get from [Aldana] was that if he were forced to testify by either side, he would say that he had no memory of the events at all." Again, Petitioner has presented only his conclusory allegation, and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. The implicit and explicit findings and determinations of the court are entitled to a presumption of correctness to which Petitioner has not rebutted with clear and convincing evidence to the contrary. *Neal*, 239 F.3d at 696. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402–03, 120 S.Ct. at 1517–18; *Childress*, 103 F.3d at 1224–25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 131 S.Ct. at 784.

(Dkt. #15, p. 23); *see also Shy v. Dir., TDCJ-CID*, No. 4:11CV378, 2014 WL 4683756, at *12 (E.D. Tex. Sept. 19, 2014).

In his Rule 60(b) motion, Petitioner now presents Aldana's affidavit (Dkt. #19, pp. 21-23) in support of his claim that the State committed prosecutorial misconduct by intimidating Aldana into not testifying. According to Petitioner, he has filed an application for state writ of habeas corpus every year since 2019 (Dkt. #19, p. 13), but the state courts have failed to recognize Aldana's affidavit as "newly discovered evidence" and repeatedly dismissed his state habeas applications without addressing the merits. (Dkt. #19, pp. 3, 5). Petitioner argues that a Rule 60(b) motion is appropriate because there is no other procedure available to remedy these "extraordinary circumstances" and "this miscarriage of justice." (Dkt. #19, pp. 2, 6).

Petitioner is not using Rule 60(b) to challenge a defect in the integrity of his federal habeas proceedings. Instead, armed with allegedly new evidence (Aldana's affidavit), he uses this motion to again attack his state court conviction and the substance of the Court's resolution of his previous claim on the merits. That has everything to do with "presenting new evidence in support of a claim already litigated"—specifically, Petitioner's claim that the State committed prosecutorial misconduct by intimidating Aldana into not testifying. *Gonzalez*, 545 U.S. at 531. "And according to *Gonzalez*, a Rule 60(b) motion 'presenting new evidence in support of a claim already litigated' is a paradigmatic example of a disguised successive § 2254 petition." *Jackson v. Lumpkin*, 25 F.4th 339, 341 (5th Cir. 2022) (quoting

4

*Gonzalez*, 545 U.S. at 531). Although Petitioner styles this newest pleading as a motion for relief under Rule 60(b), the Court finds that the motion is essentially a veiled successive § 2254 habeas petition. Thus, properly construed, the instant motion is considered a successive § 2254 petition.

Petitioner fails to allege or show that the Fifth Circuit has granted him permission to file a successive habeas petition as dictated by 28 U.S.C. § 2244(b)(3)(A). Therefore, the Court lacks jurisdiction to consider Petitioner's Rule 60(b) motion. *See Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003) ("§ 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

## CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability before appealing the denial of a Rule 60(b) motion in all but very narrow circumstances. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (holding that a certificate of appealability "is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The

Supreme Court explained that requirement in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In a case in which a district court rejected constitutional claims on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *see also Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

In this case, Petitioner has not shown that jurists of reason would find it debatable whether the district court was correct in its dismissal of Petitioner's Rule 60(b) motion. Accordingly, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

It is accordingly **ORDERED** that Petitioner's Rule 60(b) motion (Dkt. #19), construed as a successive § 2254 petition, is **DISMISSED** without prejudice for lack of jurisdiction. It is also **ORDERED** that a certificate of appealability is **DENIED** as to the Rule 60(b) motion.

**So ORDERED and SIGNED this 19th day of September, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE